UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. WILLIAM S. HUSEL, M.O.,

    Plaintiff,

vs.

TRINITY HEALTH CORPORATION, and
TRINITY ASSURANCE LIMITED
(CAYMAN),

    Defendants.

Case No.: 19-cv-12478

Hon. George Caram Steeh

## MOTION TO REDACT COMPLAINT EXHIBITS 2-5

Defendant Trinity Health Corporation ("THC") respectfully requests that this Honorable Court redact the policy limits of the contracts of indemnification (the "Contracts") between THC and TAL attached to Plaintiff's Complaint as Exhibits 2 through 5 (Dkt. 1-3 to 1-6, PageID.46-163). Pursuant to the E.D. Mich. L.R. 5.3(b), an index of the documents which are proposed for sealing is set forth below, a copy of the redacted Contracts are attached hereto as **Exhibit A**, and an unredacted version of the Contracts with the redacted portions of the Contracts at issue in this motion highlighted is filed as sealed **Exhibit B**.

**Index of Documents Proposed for Sealing**

| Document Description | Objection |
|---|---|
| Integrated Risk Liability Policy (ECF No. 1-3, PageID.46-103). | None. |
| Follow Form Buffer Layer Liability Policy for Healthcare Professional Liability and Managed Care Liability (ECF No. 1-4, PageID.104-113) | None. |
| Excess Integrated Risk Liability Policy (ECF No. 1-5, PageID.114-153) | None. |
| Follow Form High Excess Layer Policy for Healthcare Professional Liability and General Liability (ECF No. 1-6, PageID.154-163) | None. |

The Contracts were shared with Plaintiff and his prior counsel pursuant to a non-disclosure agreement (the "NDA") prior to the initiation of this case, and the Contracts are considered confidential to THC and TAL. THC and TAL do not publicly disclose the Contracts. Copies of the Contracts and similar documents are considered confidential by THC and are only provided upon request, in limited circumstances, and generally pursuant to non-disclosure agreements and/or protective orders. Despite signing the NDA acknowledging the confidentiality of the Contracts, Plaintiff filed his Complaint on August 22, 2019 and attached the Contracts as Exhibits 2 through 5. (Dkt. 1-3, 1-4, 1-5, 1-6).

I. **The Terms of the Contracts are a Trade Secret**

The terms of the Contracts are a trade secret, which are enough to overcome the presumption of public access to court records and appropriate for sealing under

the Federal Rules. *See, Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016). A trade secret is information that (a) derives independent economic value, actual or potential, from not being generally known to and not readily ascertainable by proper means by, other person who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. *Dura Glob. Techs., Inc. v. Magna Donnelly Corp.*, 662 F. Supp. 2d 855, 859 (E.D. Mich. 2009).

The Contracts were executed by THC and TAL on February 18, 2018 and are effective for limited terms of one year each. The Contracts and other policies like them are specific to THC's organizational structure and contractual agreements that are included in the Contracts. Because the Contracts (and policies like them) have limited, set terms of one year each, the terms in the Contracts (and policies like them) are determined *annually* based on THC's confidential actuarial, market, and risk analyses. Not sealing the terms will disclose THC's confidential business analyses and unnecessarily put THC at a competitive disadvantage negotiating similar agreements going forward. *See, e.g.*, *Watkins v Tr. Under Will of William Marshall Bullitt By & Through PNC Bank, NA*, No. 3:13-CV-1113-DJH, 2017 WL 3082672, at *2 (WD Ky, July 19, 2017) (risk of competitive disadvantage in revealing lease rates is substantial enough to overcome presumption of disclosure where lease terms were "tangential to the larger dispute

3

between the parties"). Furthermore, THC's treatment of the Contracts as confidential, the limited instances in which the Contracts are shared and the fact that when they are shared, they are done so pursuant to a non-disclosure agreement or protective order are more than reasonable efforts by THC to maintain the secrecy of the Contracts and the specific terms.

## II. THC's Privacy Interest Outweighs the Presumption of Public Disclosure

In the alternative, even if this Court does not find that the terms are a trade secret, the *Watkins* court's decision to seal lease terms from a development agreement is instructive here. The *Watkins* court made no finding that the lease terms were a protectable "trade secret," rather, it simply analyzed whether the movant's privacy interest in maintaining a competitive advantage outweighed the presumption of public disclosure. *Watkins*, 2017 WL 3082672 at *2; *see also Smith v. SEC,* 129 F.3d 356, 359 n.1 (6th Cir. 1997) (the presumption that court files will be open to the public may be overcome where a party's interest in privacy outweighs the public interest in disclosure). As stated in Section I, *supra*, the terms are the result of THC's confidential annual business analyses, and like the movant in *Watkins*, THC has a strong privacy interest in protecting terms that give THC a competitive advantage in the marketplace.

Also supporting the court's finding that the *Watkins* movant's privacy interest outweighed disclosure was that the lease terms were "tangential" to the

4

larger dispute between the parties. *Watkins*, 2017 WL 3082672 at *2. This case is a *coverage* dispute. The parties are litigating the threshold issue of whether or not the Contracts even apply to Plaintiff's circumstances. Just as the lease terms in the *Watkins* case were "tangential" to the larger dispute involving the parties' conduct under a development agreement, so too are the proposed redacted terms—the policy limits, premium amounts, and inapplicable policy endorsements—irrelevant to the parties' coverage dispute. *Watkins,* 2017 WL 3082672 at *2. The presumption of disclosure of the policy limits is outweighed by THC's strong privacy interest in the Contract terms and the fact that these terms have tangential, if any, relevance to the actual dispute in this case.

### III.     THC's Proposed Redactions are "No Broader Than Necessary"

Finally, in *Watkins*, the movants had actually requested to seal the entire documents which contained the "tangential" lease terms, but the Court, finding that they had failed to show why the entire documents should be sealed, allowed the movants to withdraw their proposed exhibits and resubmit redacted versions to meet the "no broader than necessary" standard. *Watkins,* 2017 WL 3082672 at *2. THC's request to redact certain terms from the Contracts is "no broader than necessary" to protect THC's interests.

### RELIEF REQUESTED

WHEREFORE, Defendant THC respectfully requests that this Court grant

Defendant's Motion to Redact the Contracts attached to the Complaint as Exhibits 2 through 5 (Dkt. 1-3, 1-4, 1-5, 1-6) and enter an order (1) striking the previously filed unredacted versions of the Contracts (Dkts. 1-3, 1-4, 1-5, 1-6) from the record, and (2) replacing the previously filed unredacted versions of the Contracts with the redacted versions attached as **Exhibit A** to this Motion.

Dated:  October 15, 2019

Respectfully submitted,

SCHIFF HARDIN LLP

s/Elise Yu
Elise Yu (P79344)
350 S. Main Street, Ste. 210
Ann Arbor, MI  48104
734-222-1556 (Telephone)
734-222-1501 (Fax)
eyu@schiffhardin.com (Email)

John Worden
4 Embarcadero Center
Suite 1350
San Francisco, CA 94111
415-901-8700

*Attorneys for Defendant Trinity Health Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2019, I electronically filed the foregoing Motion to Seal Complaint Exhibits 2 through 5 with the Clerk of the Court using the ECF system, which will send notification of such filing to all registered participants.

s/Elise Yu
Elise Yu (P79344)
350 S. Main Street, Ste. 210
Ann Arbor, MI  48104
734-222-1556 (Telephone)
734-222-1501 (Fax)
eyu@schiffhardin.com (Email)