# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DR. WILLIAM S. HUSEL, M.O.,

    Plaintiff,

v.

TRINITY HEALTH CORPORATION, and
TRINITY ASSURANCE LIMITED (CAYMAN),

    Defendants.
_____/

Hon. George Caram Steeh
Case No.: 19-cv-12478

## TRINITY HEALTH CORPORATION'S REPLY IN SUPPORT OF TRINITY HEALTH CORPORATION'S MOTION TO DISMISS

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

    A.    The Policy is Not Ambiguous .............................................................2

        1.    The Indemnification Policies Are Not an "Omnibus Policy" ..................................................................2

        2.    The Policy Unambiguously Does Not Cover Criminal Defense .................................................................3

    B.    The Policy Does Not Cover Plaintiff's Criminal Defense Even if He is Acquitted ....................................................5

    C.    Exclusions Also Apply to Bar Plaintiff's Claim ..................................6

CONCLUSION ......................................................................................................7

# INDEX OF AUTHORITIES

**Cases**                                                                                       **Pages**

*Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp.*,
    16 F.3d 684 (6th Cir. 1994) ...............................................................................3

*Cincinnati Indemn Co. v. Martin*,
    710 N.E.2d 677 (Ohio 1999) ..............................................................................6

*Gearing v. Nationwide Ins. Co.*,
    76 Ohio St. 3d 34 (1996) ...................................................................................5

*In re Enron Corp. Sec., Derivative & "Erisa" Litig.*,
    391 F. Supp. 2d 541 (S.D. Tex. 2005) ...............................................................4

*Leonor v. Provident Life & Acc. Co.*,
    18 F. Supp. (E.D. Mich. 2014) ..........................................................................3

*Moore v. First Security Casualty Co.*,
    568 N.W.2d 841 (Mich. App. 1997) ..................................................................4

*Protective Nat'l Ins. Co. of Omaha v. City of Woodhaven*,
    476 N.W.2d 374 (Mich. 1991) ..........................................................................6

*Westfield Ins. Co. v. HealthOhio, Inc.*,
    597 N.E.2d 179 (Ohio Apat 1992) ....................................................................7

*William Beaumont Hosat v. Federal Ins. Co.*,
    552 Fed. Appx. 494 (6th Cir. 2014) ...................................................................5

## INTRODUCTION

Plaintiff's Opposition brief does not and cannot change the terms of his professional liability insurance[1] that led this Court to reject his Motion for Preliminary Injunction. Plaintiff's arguments should be rejected for the same reasons. The Policy does not cover the murder charges at all, period. Plaintiff is not entitled to any form of relief he seeks under the Policy for the murder charges. End of story.

Plaintiff now concedes that the Policy does not provide for the advancement of defense expenses for the murder charges (Dkt. 33 at 2, 24), so he shifts his arguments in two ways: (i) Plaintiff claims for the first time (contrary to the allegations in the Complaint) that the Policy is ambiguous, and (ii) Plaintiff argues the Policy requires THC to defend and indemnify Plaintiff for the defense expenses of the murder charges *if* he is ultimately acquitted. Each of these arguments is wrong and neither changes the fundamental fact that the Policy does not cover criminal charges.[2]

---

[1] The "Integrated Risk Policy" or "Policy" attached as Ex. 2 to the Complaint.
[2] Plaintiff concedes that the Court's order is effectively a ruling against Plaintiff on Counts 1-3 (specific performance, declaratory relief) only, though Plaintiff now claims in his opposition that his new arguments should leave Count 4 (breach of contract) standing. All four counts of the Complaint are contingent on the interpretation of the Policy. While it appears the Court can dismiss Counts 1-3 based on Plaintiff's admission alone, because the Policy does not cover murder charges, all four counts of the Complaint should be dismissed.

<u>First</u>, Plaintiff again asks this Court to read the Policy together with the Follow-Form Policies as an "omnibus policy" but still provides no legal authority for doing so. Plaintiff continues to ignore the plain language of the Follow-Form Policies that contradicts his suggestion. The Policy is the only policy applicable to the Court's analysis. The analysis can begin and end there.

<u>Second</u>, and similar to his preliminary injunction argument, the bulk of Plaintiff's response brief is dedicated to the merits of the murder charges and argues that acquittal is likely, but that is irrelevant to the coverage analysis here. The Policy does not cover criminal charges, no matter the result of the criminal case. The Policy "is a professional liability and managed care liability policy to cover the risk of civil damages claims, not the risk of public prosecution for crimes committed in the provision of medical services." Dkt. 26 at 8. The Policy does not even arguably cover murder charges, therefore, there is no duty to defend or indemnify. Plaintiff's complaint should be dismissed.

**A.     The Policy is Not Ambiguous**

**1.     The Indemnification Policies Are Not an "Omnibus Policy"**

Plaintiff seeks to create an ambiguity where none exists—he cites to inapplicable Follow-Form policies and claims they create an ambiguity when read in conjunction with the Primary Policy. But Plaintiff's argument is precluded by the plain language of the policies themselves and is unsupported by the legal authority

he cites.³ The Follow-Form Policies do not apply to Plaintiff's claim; even if they did, there is no ambiguity between them and the Primary Policy. First, the plain language of the Follow-Form Policies provides that they are only applicable once certain defined amounts have been exhausted by the policies which precede them. The Primary Policy must be exhausted before the first Follow-Form Policy will apply. Dkt. 31 at 16-17. Second, the plain language of the Follow-Form policies also expressly states that their respective coverage will not be broader than coverage under the Primary Policy. *See* Dkt. 1-4 § 1.C; Dkt. 1-5 § 1.B; Dkt. 1-6 § 1.C. Finally, Plaintiff's interpretation also fails because even if they applied, the Follow-Form Policies plainly and explicitly exclude indemnification for defense costs. Dkt. 26 at 15.

### 2. The Policy Unambiguously Does Not Cover Criminal Defense

Despite alleging in the Complaint that the plain language of the Policy requires the advancement of Plaintiff's criminal defense expenses for the murder indictment, Plaintiff now attempts to claim the policy is ambiguous because it does

---

³ *Leonor v. Provident Life & Acc. Co.*, 18 F. Supp. at 3d 863, 869 (E.D. Mich. 2014), involved three separate total disability policies under which the insured sought three separate payments and which the court analyzed separately. *Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp.*, 16 F.3d 684, 686 (6th Cir. 1994), involved a primary and excess policy, but the case was over language in a provision in the excess policy only. Neither *Leonor* nor *Affiliated FM* stand for the proposition that the Primary and Follow-Form Policies should be construed together.

not expressly disclaim coverage for criminal charges. Pl.'s Opp'n at 17-19. Courts must be careful not to read an ambiguity into a policy where none exists. *Moore v. First Security Casualty Co.*, 568 N.W.2d 841, 844 (Mich. App. 1997). There is no ambiguity here: the Policy does not cover a criminal defense.

Notwithstanding that the Policy expressly excludes coverage for "Defense Expenses," Plaintiff attempts to blur the distinction between what the Policy covers and what the Policy excludes to liken this case to *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 391 F. Supp. 2d 541 (S.D. Tex. 2005). *See* Pl's Opp'n at 18. *Enron,* however, is clearly distinguishable, as the Court recognized in its order denying Plaintiff's Motion for Preliminary Injunction. Dkt. 26 at 15-16. First, *Enron* involves a directors and officers professional liability policy, which may very well intend to provide coverage for defense of securities crimes. 391 F. Supp. at 569. This case involves a healthcare professional liability policy, for which coverage for murder "appears well outside the scope of the professional liability policy at stake here." Dkt. 26 at 16*; see also* Dkt. 31 at 7-16. Second, the *Enron* policy provided coverage for any "ULTIMATE NET LOSS" which expressly *included* defense costs. 391 F. Supp. at 571. Here, the Primary Policy provides coverage for "Loss," which expressly *excludes* defense costs. Dkt-1-1 § VI.Q. ("Loss" does not include "Defense Expenses."). The *Enron* policy was a completely different type of policy with different provisions and does not compel the result Plaintiff seeks here.

4

The Policy is clear and unambiguous. And in order to determine whether coverage exists, the Court must look to the allegations of the claim—here, the murder indictments—and determine whether they constitute or can result in a "Loss" covered by the Policy. They do not. *See* Dkt. 31 at 7-8.

**B.     The Policy Does Not Cover Plaintiff's Criminal Defense Even if He is Acquitted**

Having failed in his preliminary injunction argument that the Policy requires Defendants to advance criminal defense costs, Plaintiff pivots to an argument that an acquittal would somehow change everything. It does not, for a simple reason that Plaintiff fails to address: The policy only provides coverage for a "Loss," which does not include a criminal prosecution, whether or not it results in a conviction. Dkt. 31 at 7-10; Dkt. 26 at 8-15. An acquittal cannot change coverage under the plain language of the Policy, because it could not result in a "Loss."[4]

---

[4] Plaintiff quotes the Court's Order Denying Plaintiff's Motion for Preliminary Injunction out of context when claiming that the Court acknowledged that the word "'liability' is understood to include both criminal and civil liability." Dkt. 33 at 20. Notwithstanding that the Policy only covers "Loss" and not "liability," Plaintiff has again failed to show language in the policy establishing that defense costs are required based on the risk of criminal liability. Dkt. 26 at 14. Furthermore, it is the law in both Michigan and Ohio that criminal conduct is not insurable. *See, e.g., Gearing v. Nationwide Ins. Co.,* 76 Ohio St. 3d 34, 36, 665 N.E.2d 602 (1996) ("The public policy of the state of Ohio precludes issuance of insurance to provide liability coverage for injuries produced by criminal acts."); *see also William Beaumont Hosat v. Federal Ins. Co.*, 552 Fed. Appx. 494, 501 (6th Cir. 2014) (citing Michigan cases that Michigan public policy precluded coverage and recovery for losses sustained due to crimes).

Moreover, an acquittal would have no effect on whether Defendants have a duty to defend – that duty is contingent on whether coverage is available for a particular claim in the first place. *Cincinnati Indemn. Co.* 710 N.E.2d at 680-81; *Protective Nat'l Ins. Co.*, 476 N.W.2d at 376; *see also Protective Nat'l Ins. Co. of Omaha v. City of Woodhaven*, 476 N.W.2d 374, 376 (Mich. 1991) (No duty to indemnify or defend insured where the allegations against insured "do not even arguably come within the policy coverage."). There is no coverage for criminal charges under the Policy; there is therefore no duty to defend criminal charges.

C.     **Exclusions Also Apply to Bar Plaintiff's Claim**

Last, Plaintiff also argues that certain exclusions in the Policy do not apply to bar coverage for a criminal defense. He is wrong for the same reasons explained in THC and TAL's motions to dismiss. *See* Dkt. 30 at 10-2; Dkt. 31 at 13-16. The Court has already considered and rejected many of Plaintiff's arguments about the exclusions. *See* Dkt. 26 at 8-12. Though it is not necessary to address them here because Plaintiff's claim may be disposed of based solely on the limitation of coverage to a "Loss" (*see supra* at A.2, B), Plaintiff's arguments about the exclusions may be ruled upon as a matter of law and rejected for the same reasons they were in the Court's ruling on the Motion for Preliminary Injunction.

Weakest of all is Plaintiff's argument that the exclusion for non-pecuniary relief does not apply here.[5] Unsurprisingly, Plaintiff echoes the allegation from his Complaint that the criminal indictments seek pecuniary relief because they "seek[] pecuniary relief in the form of fines of $15,000 for each of the 25 counts." Dkt. 33 at 24. This is unavailing for the reasons already stated in THC's Motion to Dismiss. Dkt. 31 at 13-15. And the Court previously rejected the exact same argument on Plaintiff's Motion for Preliminary Injunction. Dkt. 26 at 9. Plaintiff offers no argument or authority to change that result here.

## CONCLUSION

Plaintiff has not established any ambiguity in the Policy; rather, Plaintiff disputes how the plain language of the Policy should apply here, which the Court can and should resolve as a matter of law. Murder indictments are not covered by the plain language of the Policy, so there is no duty to defend or indemnification for murder Defense Expenses even in the event of an acquittal. Defendant's Motion to Dismiss should be granted with prejudice.

---

[5] The only case Plaintiff points to for the proposition that the Policy exclusion for non-pecuniary relief actually supports THC's position (and the previous findings of this Court) that the insurer has no duty to defend unless the claims state a claim for relief covered by the policy. *See Westfield Ins. Co. v. HealthOhio, Inc.*, 597 N.E.2d 179, 182 (Ohio Apat 1992) (Policy at issue commits insurer to defend "suits" seeking damages and not injunctive relief, so unless third-party complaint seeks damages for acts covered by the policy, insurer does not even have arguable duty to defend third party claims for equitable relief).

Dated: March 25, 2020                              Respectfully Submitted,

SCHIFF HARDIN LLP

By: /s/ *Elise H. Yu*
    Elise H. Yu
350 S. Main Street, Ste. 210
Ann Arbor, MI 48104
734-222-1556 (Telephone)
734-222-1501 (Fax)
eyu@schiffhardin.com (Email)

John S. Worden
4 Embarcadero Center
Suite 1350
San Fancisco, CA 94111
415-901-8700 (Telephone)
415-901-8701 (Fax)
jworden@schiffhardin.com (Email)

*Attorneys for Defendant Trinity Health Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2020, a copy of the foregoing was filed with the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                          */s/ Elise Yu*
                                          Elise Yu (P79344)
                                          350 S. Main Street, Ste. 210
                                          Ann Arbor, MI 48104
                                          734-222-1556 (Telephone)
                                          734-222-1501 (Fax)
                                          eyu@schiffhardin.com (Email)

SF\322178577.1