# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 06, 2021

Mr. Jason R. Abel
Honigman
660 Woodward Avenue
Suite 2290
Detroit, MI 48226

Mr. Adam Caleb Ford
Ford O'Brien
575 Fifth Avenue
17th Floor
New York, NY 10017

Mr. John S. Worden
Venable, 101 California, Suite 3800
San Francisco, CA 94111

Re: Case No. 20-1528, *William Husel v. Trinity Health Corporation, et al*
Originating Case No. : 2:19-cv-12478

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0012n.06

Case No. 20-1528

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

> FILED
> Jan 06, 2021
> DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DOCTOR WILLIAM S. HUSEL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| TRINITY HEALTH CORPORATION; TRINITY ASSURANCE LIMITED, | ) ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |

**BEFORE: ROGERS, DONALD, BUSH, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** Dr. William Husel appeals the denial of his motion for a preliminary injunction and dismissal of his complaint seeking coverage under an insurance agreement for the costs of criminal proceedings against him. We need not rule on his arguments because in his initial brief Husel failed to challenge one of the grounds on which the district court denied coverage. Because that ground independently supports the district court's decisions, we affirm.

**I.**

Husel worked as a doctor in the intensive care unit at Mount Carmel West Hospital, a subsidiary of Trinity Health Corporation ("THC"). As part of his employment agreement, THC obtained professional-liability insurance from Trinity Assurance Limited ("TAL"). One of the

Case 2:19-cv-01478-GCS-EPD Doc #: 342 Filed: 03/26/2021 Page: 3 of 5   Case: 20-1528 Document: 42-2 Filed: 01/06/2021 Page: 3   (3 of 5)

Case No. 20-1528, *Husel v. Trinity Health Corporation*

insurance policies THC obtained, the Integrated Risk Liability Policy ("the Policy"), provided for potential indemnification of claims made against an insured.

In December 2018, Husel was terminated from the hospital after an internal investigation determined that he had ordered excessive and potentially fatal doses of pain medication to 25 or more patients who were near death. Following his termination, several civil lawsuits were filed against Husel, the hospital, and other hospital personnel related to those excessive doses. In June 2019, an Ohio grand jury indicted Husel for 25 counts of murder.

Husel requested that TAL cover his defense expenses for both the civil and criminal suits. TAL, although reserving certain rights, agreed to indemnify THC for Husel's civil-defense costs. But it refused to cover his criminal-defense costs. That caused Husel to sue TAL and THC and move for a preliminary injunction for advancement and indemnification of those criminal-defense costs.

The district court denied the motion for a preliminary injunction. It held that Husel was unlikely to succeed on the merits because the plain language of the Policy's affirmative-coverage section only covered claims for civil damages, not criminal prosecutions. And it held that several of the Policy's exclusions also prohibited coverage of Husel's criminal claims. One of those exclusions denied coverage for claims "seeking non-pecuniary relief." The court noted that Husel's indictment did not seek damages and, even if an indictment were to include a fine, that is not pecuniary relief. Therefore, the court held that the exclusion prohibited coverage of Husel's criminal-defense costs.

Because Husel was unlikely to succeed on the merits, and the other preliminary-injunction factors did not favor him, the court denied his motion for a preliminary injunction. It later granted THC and TAL's motions to dismiss on similar grounds, again holding that the Policy's affirmative-

- 2 -

coverage language did not cover criminal claims and that the exclusions—including the one for non-pecuniary-relief—also precluded coverage. Husel appeals both the denial of the motion for a preliminary injunction and grant of the motions to dismiss.

## II.

Husel contests the district court's holding that the Policy's affirmative-coverage language does not extend to criminal claims. We need not reach that question. As THC argues, Husel did not challenge one of the district court's alternative bases for its decisions in his opening brief.[1] Nowhere in that brief is there any discussion of the exclusion for claims seeking non-pecuniary relief. Because Husel failed to argue that issue in his opening brief, he has forfeited it.[2] *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal." (original alteration) (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996))). Even in his reply brief, Husel does not contest the substance of the district court's holding: that criminal fines are non-pecuniary relief. Instead, he argues that the word "claim" in the exclusion is ambiguous. That "half-hearted argument in [his] reply brief" is insufficient to preserve the issue.[3] *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 321 (6th Cir. 2010); *see Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 140 n.2 (2014) ("We will not revive a forfeited argument simply because the petitioner gestures toward it in its reply brief.").

---

[1] THC argues that Husel failed to challenge the district court's holding as to multiple of the exclusions; Husel responds that his initial brief clearly addressed the inapplicability of the exclusions. Even if Husel preserved his arguments as to some of the exclusions, he did not preserve any argument as to the non-pecuniary-relief exclusion.

[2] THC labels that failure as waiver, but it is better characterized as forfeiture. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).

[3] In any event, even if we were to consider that argument, it is unpersuasive. The surrounding exceptions make clear that "claim" refers to an action by a third-party against an insured. The district court's quotation from Black's Law Dictionary of the definition of an "insurance claim" at one point does not render the term ambiguous as used in the exception.

Case No. 20-1528, *Husel v. Trinity Health Corporation*

The district court's holding that the non-pecuniary-relief exclusion precludes coverage of Husel's criminal-defense costs independently supports its decisions: even if we were to find that the Policy's affirmative-coverage language could cover criminal claims, the exclusion as interpreted by the district court would still preclude coverage. Husel's failure to challenge that conclusion therefore means that we need not consider his arguments regarding the affirmative-coverage language. *See White Oak Prop. Dev., LLC v. Washington Township*, 606 F.3d 842, 854 (6th Cir. 2010) (holding that the plaintiff waived its appeal of an issue because it challenged only one of the district court's alternative holdings); *Grosswiler v. Freudenberg-Nok Sealing Techs.*, 642 F. App'x 596, 599 (6th Cir. 2016) ("Because Plaintiffs have failed to address the district court's alternate basis for its decision, the merit of the issue they do raise is irrelevant.").

## III.

Accordingly, we affirm the district court's denial of the motion for a preliminary injunction and grant of the motions to dismiss.